**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **EPAMBELA KACHOMA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1329-R** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

**ORDER**

Petitioner Epambela Kachoma, a non-citizen proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[1] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). As set forth fully below, the undersigned recommends that the Court **DISMISS** the Petition as **moot** because Petitioner is no longer in ICE custody and this Court can grant no relief to him.

## I. Factual and Procedural Background

Petitioner was ordered removed by an Immigration Judge on October 20, 2025. (Doc. 7, at Ex. 1, at 3). Petitioner did not appeal. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed Sept. 8, 2026). On May 27,

---

[1] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

2026, Petitioner filed the instant Petition challenging his ongoing immigration detention. (Doc. 1, at 8). Petitioner was removed to the Democratic Republic of the Congo on August 2, 2026. (Doc. 10, at 1). Respondents argue the Petition is now moot. (*Id.* at 1-2).

## II. Analysis

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). Thus, "if an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-478 (1990)). So, a case is "moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified).

The case here is moot because Petitioner has been removed and is no longer in ICE custody. "Once Respondents released [him] from their custody, he no longer had a redressable injury arising from his detention." *Phakousonh v. Mullin*, No. CIV-25-1398-JD, ECF No. 17, at *3 (W.D. Okla. Mar. 30, 2026). Thus, this action should be dismissed as moot. *See, e.g., Kambanda v. Grant*, No. CIV-26-552-SLP, 2026 WL 1740563, at *1 (W.D. Okla. June 16, 2026); *Phakousonh*, ECF No. 17, at *3.

## III. Recommendation and Notice of Right to Object

For the reasons discussed above, the Court recommends that the Court **DISMISS** the Petition, (Doc. 1), as **moot** because Petitioner is no longer in ICE custody.

**The Court advises the parties of their right to object to this Report and Recommendation by September 23, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The Court further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 9th day of September, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE